# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAKEVIEW BUS LINES, INC., an Illinois Corporation, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 13-cv-2541 |
| DUN & BRADSTREET, INC., a ) Delaware Corporation, ) | Judge Sharon Johnson Coleman |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff Lakeview Bus Lines, Inc.'s ("Lakeview") motion for leave to file an amended complaint and motion to dismiss for lack of federal jurisdiction. For the following reasons, Lakeview's motion for leave to file an amended complaint is granted and motion to dismiss for lack of federal jurisdiction is denied.

**Background**

Lakeview provides bus services to Chicago-area municipalities and schools districts. Defendant Dun & Bradstreet, Inc. ("D&B") is a nationwide credit reporting service. In March 2011 Lakeview alleges it discovered that D&B had issued credit reports to potential lenders falsely listing a $6 million unsatisfied default judgment against Lakeview. As a result of D&B's report, potential lenders denied or increased interest rates when Lakeview sought financing for a $2.4 million loan.

Lakeview originally filed its three-count complaint in the Circuit Court of Cook County alleging defamation *per se*, alternatively defamation *per quod*, and intentional interference with prospective business relations and sought unspecified compensatory damages and $1 million in punitive damages. D&B timely removed the case to the Northern District of Illinois based on diversity of citizenship. Thereafter, Lakeview discovered that the facts upon which it based its punitive damages were false. Lakeview now moves to amend its complaint to allege compensatory damages of $70,000.00 and no punitive damages. Lakeview also moves to dismiss, based on its proposed amended complaint, for lack of jurisdiction and to remand to the Circuit Court of Cook County.

**Discussion**

D&B does not oppose Lakeview's motion to amend. In accordance with Fed.R.Civ.P. 15(a), Lakeview is granted leave to file an amended complaint. However, Lakeview's adjusted compensatory damages will not eliminate this court's jurisdiction.

The party seeking a federal forum generally has the burden of establishing federal jurisdiction. *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009). The parties do not dispute that complete diversity exists. In diversity, the proponent of federal jurisdiction must show by a preponderance of the evidence that the case meets the $75,000.00 jurisdictional threshold. *Meridian Sec. Ins. Co. v Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006). If jurisdiction was proper at the time of removal, subsequent acts or filing will not trigger remand to state court. *In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992). In deciding whether an action was properly removed based on diversity jurisdiction, a court will generally determine the amount in controversy as described in the plaintiff's complaint and the record as a whole, as of the time the case was filed. *Uhl v. Thoroughbred Tech. and Telecomm., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993)).

Based on the allegations in the complaint at the time of removal, D&B had a good faith basis for calculating that actual and punitive damages exceeded $75,000.00. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (finding that a good-faith estimate of the amount in controversy is acceptable to support removal if it is plausible and supported by a preponderance of the evidence). Lakeview's original complaint alleges that it was denied financing for a $2.4 million loan by at least three financial institutions and, when it eventually did secure financing for the loan, the lender raised the interest rate from 3.4% to 4.9% due to D&B's allegedly false report. (Compl. at p. 7.) Indeed, Lakeview alleges this was "an approximately 45% increase in the applicable interest rate and the resulting cost of the loan to Lakeview." (*Id.*) In each of its three claims, Lakeview requests unspecified compensatory damages and $1 million in punitive damages. (*Id.* at 10, 11, 13.)

When punitive damages are required to satisfy the jurisdictional requirement in a diversity case, punitive damages must be recoverable as a matter of state law. *DeMills v. Davis*, 2008 WL 4717167 at *2 (N.D. Ill. May 14, 2008) (quotation and citation omitted). Punitive damages can be awarded in defamation cases where a party, acting with actual malice, publishes false information about a person or entity. *Int'l Union of Operating Engineers, Local 150 v.*

*Lowe Excavating Co.*, 225 Ill. 2d 456, 491-92 (2006). However, the Illinois Supreme Court has also found, in dicta, that where the defamatory statements involve a purely private matter, punitive damages could be awarded without a finding of actual malice. *Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 227 Ill. 2d 381, 394 (2008). Punitive damages may also be awarded for tortious interference, where a plaintiff shows malice or willfulness. *DeMills*, 2008 WL 4717167 at *2 (internal citations and quotation marks omitted).

Lakeview's complaint states that when it notified D&B of the erroneous report, D&B representatives stated they would not correct the errors unless Lakeview agreed to become a paid subscriber to its services – "essentially engaging in extortion." (Compl. at p. 6.) Furthermore, in its defamation *per se* claim, Lakeview alleges D&B acted intentionally to harm Lakeview by forcing it to become one of D&B's paid subscribers, acted with reckless disregard for the truth by failing to recognize the obvious discrepancies upon which it based its report, and acted willfully and wantonly in publishing its false and defamatory reports to Lakeview's potential lenders. (*Id.* at p. 8.) Based on D&B's alleged extortionate conduct, even a small amount of punitive damages in addition to actual damages were reasonably recoverable at the time of removal. It is worth noting that while Lakeview did not specify an amount of compensatory damages in its original complaint, its proposed amended complaint requests $70,000.00 based upon the same facts as its original complaint, namely that Lakeview's lender increased interest rates on its $2.4 million loan due to D&B's report. Therefore, based on the allegations in Lakeview's original complaint, D&B made a good-faith estimate that Lakeview's claims exceeded the amount in controversy and jurisdiction was proper at the time of removal.

After removal, Lakeview learned that the representatives who refused to correct the report were not D&B representatives. Upon these news facts, Lakeview argues that remand is now mandated because punitive damages are not now recoverable and were not recoverable at the time of removal. This argument is unavailing as it is well established subsequent changes to the amount in controversy does not destroy diversity jurisdiction if jurisdiction existed at the time of removal. *Genenbacher v. CenturyTel Fiber Co. II, LLC*, 500 F. Supp. 2d 1014, 1015 (C.D. Ill. 2007) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291-95 (1938)). Lakeview fails to show that it is clear beyond a legal certainty that it would under no circumstances be entitled to recover the jurisdictional amount. *See Meridan*, 441 F.3d at 543. Therefore, the Court finds that jurisdiction is proper and Lakeview's adjusted compensatory

damages to an amount just below the jurisdictional threshold, will not "oust the district court's jurisdiction." *Reed v. Fed. Exp. Corp.*, 2011 WL 2669272 at * 1 (N.D. Ill. July 7, 2011); *St. Paul Mercury Indem*, 303 U.S. at 295.

**Conclusion**

For the foregoing reasons, Lakeview's motion to amend its complaint is granted and motion to dismiss for lack of subject matter jurisdiction is denied.

IT IS SO ORDERED.

_____
Date: November 25, 2013

_____
Sharon Johnson Coleman
United States District Judge