UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEVIEW BUS LINES, INC., an Illinois Corporation<br>　　　　Plaintiff,<br>v.<br>DUN & BRADSTREET, INC.,<br>a Delaware Corporation,<br>　　　　Defendant. | Case No. 13 cv 2541<br>Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lakeview Bus Lines, Inc. ("Lakeview") filed a three-count Amended Complaint, alleging defamation per se, defamation per quod, and intentional interference with prospective business relations against defendant, Dun and Bradstreet, Inc. ("D&B") as a direct and proximate result of D&B's credit report to its subscribers. D&B moves to dismiss all three counts for failure to state a claim upon which relief can be granted. For the reasons stated herein, D&B's motion to dismiss is granted on all three counts.

### BACKGROUND

The following facts are assumed true for the purposes of resolving this motion. Lakeview was involved in a prior contract dispute. The docket sheet in this dispute erroneously reflected a $6 million default judgment entered against Lakeview. In or around March 2012, Lakeview was informed that D&B, a nationwide credit-reporting agency, had published a credit report to its subscribers noting the $6 million judgment. Lakeview contends that after D&B provided the credit report to Lakeview's prospective lenders, Lakeview was denied financing by Wells Fargo, Citibank, and Ally, Inc. Lakeview also alleges that this denial along with the increased interest rate from 3.4% to 7.3% from GE Finance and a 3.4% to 4.9% increase in an interest rate from De Lage Landen was a direct and proximate result of D&B's false report.

### LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations to state a claim of relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain a "short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751-52 (7th Cir. 2011); quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir.2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir.2008)). When ruling on a motion to dismiss, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**DISCUSSION**

**I.    Defamation**

Counts I and II – defamation per se and defamation per quod – of Lakeview's amended complaint rely upon the factual contention that D&B issued a credit report to its subscribers, some of which were Lakeview's prospective and actual lenders, that contained the allegedly false statement that Lakeview owed over $6 million from a default judgment entered against it in the Circuit Court of Cook County.

To state a claim for defamation in Illinois, Lakeview must allege that (1) D&B made a false statement about Lakeview, (2) D&B made an unprivileged publication of the statement to a third party, and (3) the publication caused damages. *Solaia Tech, LLC v. Specialty Publishing Co.*, 852 N.E.2d 825, 838 (Ill. 2006). A statement is construed as defamation per se if its harm is obvious and apparent on its face. *Id.*, citing *Owen v. Carr*, 497 N.E.2d 1145, 1147 (Ill. 1986). Lakeview's claim falls into one of five categories of defamation per se, one that imputes lack of ability, or that prejudice a party in his trade, profession or business. *Green v. Rogers*, 917 N.E.2d 450, 459 (Ill. 2009).

D&B asserts truth as an absolute defense, arguing that it published a demonstrably true statement from the Cook County Clerk's online docket, which undeniably shows that a $6 million default judgment was entered against Lakeview. See *Hnilica v. Rizza Chevrolet, Inc.*, 893 N.E.2d 928, 931 (Ill. App. Ct. 2008). The online docket never states that the default judgment was vacated, satisfied, or entered in error. Lakeview argues that the docket activity showed that, a week after default judgment was entered against it, Lakeview's attorney entered an appearance. There was also a series of continuances and status hearings, and an ultimate entry of dismissal with prejudice. This activity showed that it was apparent that the default judgment was entered

2

erroneously. However, Lakeview's argument is based on speculation that, taken together, the default judgment was entered erroneously and that because the case was dismissed with prejudice, this undoubtedly means the parties settled and that Lakeview paid the settlement amount. Rather than rely on this speculation, this Court finds that D&B published a demonstrably true statement that it obtained from the online docket. See *Hnilica*, 893 N.E.2d at 931.

Lakeview also mentions that the credit report that D&B published to its subscribers also included additional potential liability in the amount of $29,363 and that Lakeview only has 20 employees rather than the 200 that it actually has. However, Lakeview consistently only points to the report of the $6 million judgment as the false statement that caused prospective lenders to deny Lakeview's loan applications and to offer loans with higher interest rates. Therefore, while this Court specifically finds no defamation per se where D&B published a true statement when it reported a $6 million default judgment against Lakeview, even if the additional statements that Lakeview points to are in fact false, based on the face of Lakeview's amended complaint, these statement have not caused Lakeview damages. Indeed, Lakeview alleges in its amended complaint that Wells Fargo, Citibank, and Ally, Inc. all explained that the denial of Lakeview's loan application was " because D&B's report indicated an enormously increased risk of Lakeview's default on any loan due to D&B's false report of the allegedly 'unsatisfied $6 million judgment.'" Thus, because D&B's publication that Lakeview had an unsatisfied $6 million judgment against it, and because Lakeview failed to alleged how the other statements regarding its number of employees and the additional potential $29,363 liability caused Lakeview damage, Lakeview has failed to sufficiently plead claims for defamation per se and defamation per quod. Having made this finding, this Court need not address the question of whether D&B's actions are protected by a qualified privilege.

## II. <u>Intentional Interference with Prospective Business Relations</u>

D&B also contends that Lakeview's allegation of intentional interference with prospective business relations should be dismissed for failure to state a claim.

To prevail on an intentional interference with prospective business relations claim, Lakeview must allege (1) it had a reasonable expectation of entering into valid business relationships; (2) D&B's knew of Lakeview's expectancy; (3) D&B purposefully interfered with these relationship, preventing Lakeview's legitimate expectancy from ripening into a valid

business relationship; and (4) Lakeview was damaged as a result of D&B's interference. *Voyles v. Sandia Mortg. Corp.*, 751 N.E.2d 1126, 1133 (Ill. 2001).

Lakeview alleges in its Amended Complaint that D&B knew of its reasonable expectancy of entering into relationships with lenders Wells Fargo, Citibank, GE Finance, and Ally, Inc. because these prospective lenders requested D&B's credit report on Lakeview. Taking this statement as true, even if D&B knew that Lakeview expected to enter into these business relationships, for the reasons set out above, Lakeview's Amended Complaint cannot overcome the significant fact that D&B published truthful information gleaned from the online docket of the Cook County Clerk. Because this Court finds that D&B published what appeared on its face to be truthful information, Lakeview has not sufficiently alleged that D&B purposefully interfered with the consideration of Lakeview's loan applications. Rather, D&B was merely responding to its client-subscribers' request for Lakeview's credit history. Therefore, Lakeview has not sufficiently pleaded a claim for intentional interference with prospective business relations.

**CONCLUSION**

For these reasons, the Court grants D&B's motion to dismiss with prejudice Lakeview's Amended Complaint.

IT IS SO ORDERED.

_____
Date: October 29, 2014

United States District Judge